DICKINSON, Presiding Justice,
concurring in part and dissenting in part:
f 28. My only disagreement with the majority is its failure to reverse the award of attorney’s fees, which required a finding, not only of financial disparity between the parties, but also that Helen Rogillio had no ability to pay the fees.[3] While I cannot say the chancellor abused her discretion in finding financial disparity between the parties, the record clearly establishes that Helen Rogillio has the ability to pay her attorney’s fees. . I respectfully dissent in part with the majority’s decision.
¶ 29. Although attorney’s fees are within a chancellor’s discretion, “manifestly wrong” awards by chancellors should be reversed.[4] In awarding attorney’s fees, a party’s ability to pay is the threshold ques *157 tion.[5] If a person can pay his or her own bills, an award of attorney’s fees is inappropriate.[6]
¶ 30. Helen is receiving $18,204 in lump-sum alimony, in addition to $1,500 per month in permanent periodic alimony — an award this Court affirms today. With a continuous stream of income, there is no reason that Helen cannot afford to pay her own attorney. I concur with the majority in the award of alimony, but respectfully dissent with regard to the attorney’s fees.

. Hammett v. Woods, 602 So.2d 825, 830 (Miss.1992).

. Dunn v. Dunn, 609 So.2d 1277, 1287 (Miss.1992).

. Id.

. Hammett, 602 So.2d at 830 (Miss.1992) (citing Martin v. Martin, 566 So.2d 704, 707 (Miss.1990)). See also Creekmore v. Creekmore, 651 So.2d 513, 520 (Miss.1995).